## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARNELL WALKER, | : |
|     Plaintiff, | : |
| | : |
| v. | : Civil No. 3:19CV00477 (AWT) |
| | : |
| SCOTT SEMPLE; JOHN ALDI; | : |
| CAPTAIN RIVERA; OFFICER | : |
| ARMSTRONG, and OFFICER PUTNUM | : |
|     Defendants. | : |

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Darnell Walker, who is incarcerated within Connecticut's correctional system, brings this action pro se against Scott Semple, the former Commissioner of the Connecticut Department of Correction, and four other current and former employees of the Connecticut Department of Correction, John Aldi, Captain Rivera, Officer Armstrong, and Officer Putnum. The defendants moved for summary judgment, arguing that the plaintiff released the defendants from liability for his claims in this case when he signed a global release as a part of a settlement agreement in a separate case. For the reasons set forth below, the defendants' motion is being granted.

### I.   FACTUAL BACKGROUND

On March 29, 2019, pro se plaintiff Darnell Walker filed a complaint (ECF No. 1) against defendants Semple, Aldi, Rivera, Armstrong, and Putnum, claiming constitutional violations arising from incidents that occurred in April 2016. However, the

summons were not returned executed until June 15, 2020.
Assistant Attorney General Robert S. Dearington filed an
appearance in this action on October 7, 2020.

At the time the plaintiff filed the complaint in this
action, he had another action pending in this district against
several members of the Connecticut Department of Correction with
the caption Walker v. Aldi, et al. 3:17cv1783 (RMS) ("Walker v.
Aldi"). After filing the complaint in this action, the plaintiff
signed a Settlement and Release Agreement (ECF No. 37-3)
("Settlement Agreement") in Walker v. Aldi, with an effective
date of January 22, 2020. The plaintiff also signed a
Stipulation of Dismissal with Prejudice (ECF No. 37-4) in Walker
v. Aldi on January 22, 2020, and it was filed with the court on
February 11, 2020.

In the Settlement Agreement, the plaintiff agreed to
release all present and former employees of the Connecticut
Department of Correction and the State of Connecticut from
liability for all causes of action arising from incidents
occurring prior to the effective date of the Settlement
Agreement. The Settlement Agreement states:

> The plaintiff, DARNELL WALKER, . . . does herewith
> release and forever discharge the defendants, THE
> STATE OF CONNECTICUT, DEFENDANTS ALDI, RIVERA, SALIUS,
> CHAPDELAINE, MULLIGAN, TAMMARO, EVANS, DALY, FARGO,
> WELDON, BEAULIEU AND ALL CURRENT AND FORMER EMPLOYEES
> OF THE STATE OF CONNECTICUT DEPARTMENT OF CORRECTION
> and all other present and former officers and

employees of the State of Connecticut, their heirs, successors and assigns, from all actions, causes of action, suits, claims, controversies, damages and demands of every nature and kind, including attorneys' fees and costs, monetary and equitable relief, which the plaintiff shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release of Liability, including but not limited to acts arising out of, or in any way related to the incidents or circumstances which formed the basis for the above-captioned lawsuit, including such actions as may have been or may in the future be brought in the federal courts[.] . . . Said release of liability includes, but is not limited to, the suits identified above as well as all causes of action alleging violations of the plaintiff's state and federal constitutional rights, his rights arising under the statutes and laws of the United States and/or the State of Connecticut, and such causes of action as may be available under the common law.

Settlement Agreement (ECF No. 37-3) at 3 (capitalization in original).

The Settlement Agreement also has a merger clause, which provides that, "The Parties acknowledge and agree that this Agreement represents the full and complete agreement of the Parties and that this Agreement supersedes and replaces any prior agreements, whether oral or written except orders of court extended in suit which shall survive." Id. at 4.

## II.  Legal Standard

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.

Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce of Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most

favorable to the non-movant. . . and draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must be supported by evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. Stern v. Trustees of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 2007) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. Anderson, 477 U.S. at 252.

Because the plaintiff in this case is proceeding pro se, the court must read the plaintiff's pleadings and other documents liberally and construe them in a manner most favorable to the plaintiff. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Moreover, because the process of summary judgment is "not obvious to a layman," Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620 (2d Cir. 1999), the district court must ensure that a pro se plaintiff understands the nature, consequences,

and obligations of summary judgment, see id. at 620-621. Thus, the district court may itself notify the pro se plaintiff as to the nature of summary judgment; the court may find that the opposing party's memoranda in support of summary judgment provide adequate notice; or the court may determine, based on thorough review of the record, that the pro se plaintiff understands the nature, consequences, and obligations of summary judgment. See id.

After reviewing the defendants' memorandum in support of summary judgment and the plaintiff's submissions in opposition to summary judgment in this case, the court concludes that the plaintiff understands the nature, consequences and obligations of summary judgment. The defendants served the plaintiff with the notice to pro se litigants required by Rule 56(b), and the plaintiff submitted a response to the defendants' motion which identifies what he believes are genuine issues of material fact.

## III. DISCUSSION

"A trial court has inherent power to enforce summarily a settlement agreement when the terms of the agreement are 'clear and unambiguous.'" Omega Eng'g, Inc., 432 F.3d at 444 (quoting Audubon Parking Assocs. Ltd. P'ship v. Barclay & Stubbs, Inc., 626 A.2d 729, 733 (Conn. 1993). See also Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011) ("Summary judgment is appropriate if the terms of the contract are

unambiguous."); <u>Amica Mut. Ins. Co. v. Welch Enter., Inc.</u>, 970 A.2d 730,732 (Conn. App. Ct. 2009) ("Only when the terms are clear and unambiguous can the court enforce the settlement agreement.").

The defendants argue that they are entitled to summary judgment because the Settlement Agreement "bars all claims against the defendants in this case." Defs.' Mem. Supp. Summ. J. (ECF No. 37-1) at 1. The court agrees.

In opposition to the motion for summary judgment, the plaintiff does not dispute any of the facts asserted by the defendants but contends that two issues remain in dispute. First, the plaintiff maintains that the Settlement Agreement is ambiguous and could "easily be interpreted as a settlement of only the case of <u>Walker v. Aldi</u> and a release of liability as to the defendants in that case only." Pl.'s Obj. Summ. J. (ECF No. 45) at 4. A contract is ambiguous "[i]f the language is susceptible to more than one reasonable interpretation, [and] the mere fact that parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." <u>Karas v. Liberty Ins. Corp.</u>, 33 F. Supp. 3d 110, 115 (D. Conn. 2014).

The language in the Settlement Agreement is not susceptible to more than one reasonable interpretation. It is clear in expressing that it releases the following persons: (1) the

defendants in <u>Walker v. Aldi</u>, i.e., "THE STATE OF CONNECTICUT, DEFENDANTS ALDI, RIVERA, SALIUS, CHAPDELAINE, MULLIGAN, TAMMARO, EVANS, DALY, FARGO, WELDON, BEAULIEU[;]" and, in addition, (2) "ALL CURRENT AND FORMER EMPLOYEES OF THE STATE OF CONNECTICUT DEPARTMENT OF CORRECTION[;]" and (3) "all other present and former officers and employees of the State of Connecticut." It is also clear in stating that it releases those persons for any "causes of actions, suits, [and] claims" the plaintiff has or may have because of "any matter, cause or thing" that existed "from the beginning of the world to the date of this Release of Liability." Settlement Agreement at 2. The defendants in this action are all present or former employees of the State of Connecticut Department of Correction, and this action arises from incidents that occurred in April 2016, almost four years before the Settlement Agreement took effect in January 2020. Thus, the Settlement Agreement is unambiguous in releasing the defendants from liability in this case. The plaintiff does not identify any alternate interpretation of the language in the Settlement Agreement broadening the scope of the release to cover current and former employees of the Connecticut Department of Correction in addition to the defendants in <u>Walker v. Aldi</u>. He cannot create an ambiguity by simply ignoring that language.

Second, the plaintiff asserts that the language in the Settlement Agreement releasing the defendants from liability

"was used to confuse, perplex, and puzzle the plaintiff into signing the agreement[.]" Pl.'s Resp. (ECF No. 38) at 4. The plaintiff maintains that as a consequence he had "no knowledge that the Walker v. Semple case was part of this Walker v. Aldi settlement." Id. at 2.

In support of this assertion, the plaintiff submits an affidavit in which he avers that the defendants' attorney in Walker v. Aldi represented to the plaintiff that he was only settling that matter and not the instant action. The plaintiff states:

> Sometime during the week of January 11, 2020 . . . I spoke, via telephone with Mr. Terence O'Neill who is the defendants['] attorney in the Walker v. Aldi case. Attorney O'Neill and I spoke about the settlement of the Walker v. Aldi case and he clearly told me that we were settling only that matter. Mr. O'Neill was aware of this pending case here and he informed me that he would not, in fact, be filing settlement papers with the court in this matter because he had "nothing to do with this case."

Pl.'s Aff. (ECF No. 45-2) at ¶¶ 8-10.

In Connecticut, a contract, including a settlement agreement, "is binding if the parties mutually assent to its terms." Omega Eng'g, Inc., 432 F.3d at 444. "[W]hen [an individual] manifests acceptance by signing the document, the proposed transaction becomes an enforceable contract." Conn. Bar Ass'n v. U.S., 620 F.3d 81, 94 (2d Cir. 2010). When the

plaintiff signed the Settlement Agreement, he assented to its terms, and it became a binding, enforceable contract.

The plaintiff does not make a specific claim that there was fraudulent inducement. But the defendant is proceeding pro se, so the court considers that issue because "courts must construe pro se pleadings broadly and interpret them 'to raise the strongest arguments they suggest.'" Torres v. Carry, 800 F. Supp. 2d 577, 582 (S.D.N.Y. 2011) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

"As a matter of common law, a party to a contract . . . may rescind that contract and avoid liability thereunder if that party's consent to the contract was procured . . . by the other party's fraudulent misrepresentations[.]" Munroe v. Great American Ins. Co., 661 A.2d 581, 584 n.4 (Conn. 1995). Four elements must be shown to prove fraud: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." IM Partners v. Debit Direct Ltd., 394 F. Supp. 2d 503, 519 (D. Conn. 2005) (internal quotation marks omitted).

There is no evidence that could establish the first or second essential elements of fraud. According to the plaintiff's own affidavit, Attorney O'Neill told the plaintiff that they

were "settling only" the matter of <u>Walker v. Aldi</u> and that they
"would not, in fact, be filing settlement papers in [the instant
action] because [Attorney O'Neill] had 'nothing to do with this
case.'" Pl.'s Aff. (ECF No. 45-2) at ¶¶ 8-10. Attorney O'Neill's
statements were not false or untrue. Even though the release was
not limited to the claims in <u>Walker v. Aldi</u>, the Settlement
Agreement only settled <u>Walker v. Aldi</u> and settlement papers were
only filed for that matter.

Also, it should be noted that the Settlement Agreement
contains a merger clause, which states: "The Parties acknowledge
and agree that this Agreement represents the full and complete
agreement of the Parties and that this Agreement supersedes and
replaces any prior agreements, whether oral or written except
orders of court extended in suit which shall survive."
Settlement Agreement at 4. "According to Connecticut law, '[i]n
the case of a fully integrated contract, usually manifested by
its inclusion of a merger clause, the parties are deemed to have
agreed that the terms of their written contract supersede all
prior and contemporaneous communications between them." <u>O & G
Industries, Inc. v. Aon Risk Services Northeast, Inc.</u>, 922 F.
Supp. 2d 257, 269-70 (D. Conn. 2013) (quoting <u>Lux v.
Environmental Warranty, Inc.</u>, 755 A.2d 936, 941 n.8 (Conn. App.
Ct. 2000)). Thus, any statements made by Attorney O'Neill to the
plaintiff were superseded by the terms of the Settlement

Agreement. Consequently, viewing the evidence in the light most favorable to the plaintiff, there is no genuine issue of material fact as to whether the plaintiff was fraudulently induced to enter into the Settlement Agreement.

Accordingly, because the plaintiff has not created a genuine issue of material fact as to whether the Settlement Agreement unambiguously releases the defendants from liability in this matter and is binding on the plaintiff, the defendants are entitled to judgment as a matter of law.

## IV.   CONCLUSION

For the reasons set forth above the defendants' Motion for Summary Judgment (ECF No. 37) is hereby GRANTED. The Clerk shall enter judgment accordingly and close the case.

It is so ordered.

Signed this 20th day of July 2021 at Hartford, Connecticut.

/s/ AWT
_____
Alvin W. Thompson
United States District Judge
